CV 08 2502

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RANDY JOHNSON,

       Plaintiff, (S.J.)

  -against-

ALLIED INTERSTATE, INC.,

       Defendant.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

JUN 2 3 2008 ★

**CLASS ACTION COMPLAINT**

LONG ISLAND OFFICE

DEARIE, J.
LEVY, M.

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Allied Interstate, Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Queens County, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Minneapolis, Minnesota.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to Department of Education.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. The defendant began communication by telephone on or about March 6, 2008 and by letter to the plaintiff dated April 23, 2008,. A copy is attached hereto and made part hereof.

9. Plaintiff received said letter.

10. That subsequent to its initial communications, plaintiff diputed the debt orally and requested validation of the debt and ultimately sent a letter, in writing to the Defendant, disputing the debt and requesting verification of the debt in writing and to cease from further telephone communications. A copy of said letter is attached hereto and made part hereof.

11. That plaintiff further requested that the calls to third parties cease.

12. That despite plaintiff's requests, the Defendant continued to harass the plaintiff by continuously causing his telephone to ring, calling plaintiffs parents residence and calling plaintiff's and demanding that the plaintiff return the call and demanding payment on the disputed debt.

13. That despite the received dispute and request to cease from abusive phone calls, dated March 12, 2008, the Defendant continued to send dunning notices and call and demand payment of disputed debt without providing verification or any documentary evidence of the disputed sum demanded.

14. That on or about March 8, 2008, one representative of the Defendant, asserting her name as "Margo" threatened the plaintiff with "attaching his social security when he retired" and "red-flagging" plaintiff's "Federal Income Tax."[sic]

15. That despite the plaintiff's dispute, Defendant sent sunning notices, namely the letter of April 23, 2008, threatening "wage garnishment" and falsely asserts that the since plaintiff has failed to "resolve" the debt the account will be forwarded their "final treatment team" for a determination as to the "involuntary process" that will be used.

16. That despite, plaintiff's dispute and refusal to pay, defendant failed to provide any verification of the debt or forward the debt to an appropriate legal body or take any other appropriate action as per the FDCPA.

17. The several calls were made by the Defendant to the plaintiff and that the communication failed to advise the consumer that the communication was from the debt collector in further violation of the FDCPA.

18. That despite several efforts to dispute the debt, the Defendant persists with collection efforts and refuses to validate or verify the debt.

19. That said letter alone and/or together with subsequent activity contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

20. That the defendant intentionally and knowingly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

21. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

22. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

23. The first cause of action is brought on behalf of plaintiff and the members of a class.

24. The class consists of consumers who received the same form letter, as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the United States and who received messages from the Defendant that failed to advise the consumer that the call was from a debt collector in violation of e(10) and e(11) and consumers who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 28, 2008 (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion subsequent to a valid dispute.

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)   Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

    (B)   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

    (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in

attempt to collect a debt;

(b) Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

(c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

(d) Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
June 17, 2008

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

Cease and Desist Letter


Randy Johnson
7667 E Manley Dr
Prescott Valley, Arizona
86314


March 12, 2008

Allied Interstate Inc.
435 Ford Rd. Ste# 800
Minneapolis, Minnesota
55426


Ph# 928-772-8033


Whom it may concern:


This will serve as your legal notice under the Federal Fair Debt Collection Practices Act { FDCPA }, To cease all communication with me in regard to the debt referenced above. <u>Do not contact me, or any third parties regarding this debt via phone.</u>

Furthermore, I <u>formally dispute the validity of this debt.</u> Please Provide me with documentation that supports why you believe this debt belongs to me, and why you believe I owe this amount. Please send me copies of the original application for this account, any signatures associated with this account, such as original documents, all signed and canceled checks, any bills associated with this account, etc.

You are also notified that should any adverse information be placed against my credit reports, appropriate actions will be taken under the Federal Fair Credit Reporting Act { FCRA } as per Recommendation of the Attorney General and Attorneys of the Consumer Counsel Group.


Thank you for your attention to this matter.


Sincerely,

Randy Johnson

**SENDER: COMPLETE**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Office Interstate Inc
   435 Ford RD St # 800
   Minneapolis, Minnesota
   55426

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7007 0710 0003 0179 2224

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Undeliverable Mail Only:

P.O. Box 1954
Southgate, MI 48195-0954



Date: April 23, 2008

Regarding: U.S. DEPARTMENT OF EDUCATION
Account Number: D200505001649001
Packet Number: P35851050
Amount Due: $32797.68
Amount Remitted $_____

Make checks payable to: U.S. Department of Education
Do not send cash. Show your social security number on your checks.

CCD/P35851050/ED32W    002244087900    000047440003

Randy V Johnson
7667 E Manley Dr
Prescott Valley, AZ 86314-5145

National Payment Center
U.S. Department of Education
P.O. Box 4169
Greenville, TX 75403-4169

4  32D200505001  0000004950  00000542     4  32D200505001  0004232008  32797682

--- (Return top portion with your payment) ---



**Allied Interstate, Inc.**

435 Ford Road, Suite 800   Minneapolis, MN 55426
Toll Free: (800) 715-0395

Dear Randy V Johnson:

We have attempted to contact you by phone and mail regarding your defaulted federal student loan with the U.S. Department of Education. Records indicate that the delinquency is still unresolved, and you have failed to establish arrangements to resolve this matter. We are forwarding your account to our final treatment team. We will determine which involuntary process we will recommend that the Department use to collect this debt.

The Department may collect debts by Administrative Wage Garnishment; to do so, Education, after notice and an opportunity for a hearing, orders the debtor's employer to withhold up to 15% of the debtor's disposable earnings. This garnishment action does not require the Department to obtain a judgment.

The Department may also collect by collection litigation; to do so, the Department refers debts to the U.S. Department of Justice for suit.

Please call us toll free at (800) 715-0395 today to avoid any involuntary recovery action; such as Administrative Wage Garnishment, litigation and tax refund offsets.

You may make payment in the form of check, check by phone, money order, cashier's check, credit card, debit card and Western Union Quick Collect.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,

JOHNNY BERRY
Account Representative
(800) 715-0395
Allied Interstate, Inc.
Government Services Division

Correspondence Address:
Allied Interstate, Inc.
P.O. Box 26190
Minneapolis, MN 55426

Overnight Mail Address:
U.S. Department of Education
National Payment Center
6201 I-30
Greenville, TX  75402

**PLEASE SEE IMPORTANT NOTICE ON REVERSE**